UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Connecticut Children's Medical Center,

        Plaintiff,

v.                                    Civil No. 09-1652 (JNE/JJG)
                                               ORDER

Lundbeck, Inc., and Ovation Pharmaceuticals, Inc.,

        Defendants.

This is a putative class action brought by Connecticut Children's Medical Center (CCMC) against Lundbeck, Inc., and Ovation Pharmaceuticals, Inc. (collectively, Defendants).[1] CCMC claims that Defendants violated Section 7 of the Clayton Act, 15 U.S.C. § 18 (2006), and Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2 (2006). CCMC's claims arise out of Defendants' acquisition of the rights to the only pharmaceuticals available in the United Statees to treat premature infants born with patent ductus arteriosus. The case is before the Court on Defendants' Motion to Dismiss the Complaint Pursuant to Rule 12(b)(6). For the reasons set forth below, the Court denies the motion.

Defendants assert that the Complaint should be dismissed because CCMC failed to sufficiently allege facts that establish its standing to sue. In support, Defendants contend that CCMC did not directly purchase pharmaceuticals from them. *See Ill. Brick Co. v. Illinois*, 431 U.S. 720, 745-46 (1977); *Campos v. Ticketmaster Corp.*, 140 F.3d 1166, 1169-70 (8th Cir. 1998). Defendants also maintain that CCMC failed to sufficiently allege that it received an assignment from a direct purchaser. *See Gulfstream III Assocs., Inc. v. Gulfstream Aerospace Corp.*, 995 F.2d 425, 439-40 (3d Cir. 1993). Although Defendants acknowledge that CCMC

---

[1] In March 2009, H. Lundbeck A/S acquired Ovation Pharmaceuticals, Inc., to form Lundbeck, Inc.

alleged in its Complaint that it is suing pursuant to an assignment from Cardinal Health, Inc.

(Cardinal), Defendants contend that this "conclusory" allegation fails to establish CCMC's

standing.  They also note that no assignment is attached to the Complaint.

CCMC opposes Defendants' motion, contending that it sufficiently pleaded its receipt of

an assignment and submitting a copy of the assignment "to remove any lingering questions."

The assignment, dated one day before CCMC brought this action, was executed by Cardinal and

CCMC.  It provides in relevant part:

> Cardinal hereby conveys, assigns and transfers to *CCMC* all rights, title
> and interest in and to all causes of action it may have against [Ovation
> Pharmaceuticals, Inc. and its associated U.S. companies] under the antitrust laws
> of the United States or of any State arising out of or relating to Cardinal's
> purchases of *NeoProfen and Indocin IV* which was subsequently resold to *CCMC*
> during the period from *January 2006* to the date of this agreement or a future date
> to be agreed upon by the parties.  This assignment includes Cardinal's status as a
> direct purchaser of all *NeoProfen and Indocin IV* described in the preceding
> sentence.

CCMC contends that the Court may consider the assignment in deciding Defendants' motion

because it is embraced by the Complaint.

Asserting in their reply that they are "unaware of any decision in which the court

permitted the *plaintiff* to defeat a motion to dismiss by relying upon the contents of documents

that it did not attach to the complaint," Defendants contend that CCMC cannot remedy the

alleged defects in its Complaint by submitting a copy of the assignment with its response.  The

Court rejects Defendants' argument.  *See Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4

(8th Cir. 2003) (concluding that documents offered by third-party plaintiff at and after hearing on

third-party defendant's Rule 12(b)(6) motion could be viewed as attachments to third-party

complaint).  Because the assignment is embraced by CCMC's Complaint, the Court considers it

in deciding Defendants' motion.

Defendants point to no deficiency in the assignment itself. The assignment contains the very information that Defendants maintain CCMC must allege to establish its standing. Accordingly, the Court denies Defendants' motion. *See Northstar Indus., Inc. v. Merrill Lynch & Co.*, 576 F.3d 827, 831-32 (8th Cir. 2009) (summarizing standard of decision).

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1.     Defendants' Motion to Dismiss the Complaint Pursuant to Rule 12(b)(6) [Docket No. 35] is DENIED.

Dated:  October 15, 2009

s/  Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge